NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE TRIA, an individual, on behalf of herself and all others similarly situated, and DOES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>INNOVATION VENTURES, LLC, dba LIVING ESSENTIALS, a Michigan Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV11-07135-GW (PJWx)<br>Hon. George Wu, Ctrm 10<br><br>~~STIPULATED AND~~<br>~~ORDER GRANTING STIPULATED~~<br>~~PROPOSED PROTECTIVE ORDER~~<br>~~FILED 11/23/11~~<br><br>STIPULATED PROTECTIVE ORDER |

**GOOD CAUSE APPEARING,** the ATTACHED Stipulated Proposed Protective Order submitted by the parties is **GRANTED.** UNDER SEAL FILINGS SHALL BE GOVERNED BY LOCAL RULE 79-5.

Dated: 11/30/11

*/s/ Patrick J. Walsh*

~~Honorable George Wu~~
PATRICK J. WALSH

1  Craig Nicholas (Bar No. 178444)
   Alex M. Tomasevic (Bar No. 245598)
2  NICHOLAS & BUTLER, LLP
   225 Broadway, 19th Floor
3  San Diego, CA 92101
   Telephone:   (619) 325-0492
4  Facsimile:   (619) 325-0496

5  Derrick F. Coleman (Bar No. 170955)
   Coleman Frost LLP
6  429 Santa Monica Blvd., #700
   Santa Monica, CA 90401
7  Telephone:   (310) 576-7312
   Facsimile:   (310) 899-1016
8
   Attorneys for Plaintiff JANICE TRIA
9
   Gerald E. Hawxhurst (Bar No. 220327)
10 Rabeh M.A. Soofi (Bar No. 276015)
   CRONE HAWXHURST LLP
11 10880 Wilshire Blvd., #1150
   Los Angeles, CA 90024
12 Telephone:   (310) 893-5150
   Facsimile:   (310) 893-5195
13
   Attorneys for Defendant INNOVATION
14 VENTURES, LLC

15
                    UNITED STATES DISTRICT COURT
16
                    CENTRAL DISTRICT OF CALIFORNIA
17

| 18 | JANICE TRIA, an individual, on behalf of herself and all others similarly situated, and DOES 1 through 100, inclusive,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC, a Michigan Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV11-07135-GW-PJWx<br><br>Judge: Hon. George Wu<br><br>Courtroom: 10<br><br>STIPULATED [PROPOSED] PROTECTIVE ORDER<br><br>Filing Date: July 12, 2011<br>Trial Date: Not Set |
|---|---|

### STIPULATED PROTECTIVE ORDER

1.   WHEREAS, the discovery phase of the above-entitled action may include the disclosure of confidential, proprietary, competitively sensitive and trade secret information, it is the parties' and the

{00047479.DOC - v1}                        -1-   STIPULATED [PROPOSED] PROTECTIVE ORDER

1. Court's intention to provide a mechanism by which discovery of relevant information may be obtained in a manner that protects the risk of disclosure of confidential information to third parties not entitled to such information.

2. All documents or other information obtained through or in connection with discovery in this action, including but not limited to deposition testimony or exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties to this action, and any information obtained therefrom (collectively, "Discovery Material") shall be subject to this Stipulation and Protective Order ("Order") upon any party's reasonable and good faith designation of such Discovery Material as "Confidential" or "Highly Confidential" in the manner set forth herein. Documents produced by non-parties to this action, and any information obtained therefrom, shall be included within "Discovery Material" and shall be subject to this Stipulation and Protective Order. The terms "party" and "parties" as used herein shall mean Janice Tria (and any other person who in the future is a named party plaintiff in this action) and Innovation Ventures, LLC.

3. A party shall only designate as "Confidential" those documents and items of information which the party reasonably and in good faith believes contain or constitute confidential information personal information, which documents and/or information is not known to the general public. A party shall only designate as "Highly Confidential" those documents and items of information which the party reasonably and in good faith believes contain or constitute confidential business/proprietary, trade secret information, or other information valuable to a competitor, which documents and/or information is not known to the general public. The designation of "Confidential" or "Highly Confidential" shall not be used to impede discovery or otherwise hinder or delay the other party.

4. Discovery Material designated as "Confidential" or "Highly Confidential" shall not be used by any party to whom such Discovery Material is provided for any purpose, including without limitation, any business, governmental, commercial or litigation (administrative or judicial) purpose, other than the preparation and trial, including any appeal or retrial, of this action.

5. Any party or nonparty may designate Discovery Material as "Confidential" or "Highly Confidential" at the time of production of such Discovery Material by labeling each page of such

1 Discovery Material with the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or
2 "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", respectively. Depositions or
3 courtroom testimony may be designated as "Confidential" or "Highly Confidential" by stating orally
4 on the record that the information is "Confidential" or "Highly Confidential" or by sending written
5 notice designating the particular page and line numbers of the deposition or court transcript as
6 "Confidential" or "Highly Confidential" within thirty (30) days after receipt of the deposition
7 transcript.

8   6.   Discovery Material designated "Confidential" shall be held in strict confidence and shall be
9 disclosed, absent court order to the contrary, only to: 1) the parties to this action (in the case of
10 Innovation Ventures, LLC, this shall include Innovation Ventures, LLC Inc.'s directors, officers,
11 managers, principals and agents); 2) the parties' attorneys of record; 3) the parties' in-house attorneys;
12 4) the respective legal assistants and staff of a party's attorneys' of record; 5) third party expert
13 witnesses or consultants retained solely for the purposes of this litigation; 6) the Court and court staff;
14 7) court reporters, deposition stenographers and deposition videographers; 8) the jury; 9) any author or
15 recipient of any Discovery Materials; 10) a witness during deposition or trial or other proceedings
16 before the Court; 11) any person who agrees in writing to abide by the terms of this Order; and 12)
17 any other person agreed to by the producing party.

*Under seal filings are governed by L.R. 79-5.*

18   7.   Discovery Material designated "Highly Confidential" shall also be held in strict confidence
19 and shall be disclosed, absent court order to the contrary, only to Nos. 1 through 12 above with the
20 exception that it may not be disclosed to plaintiff Janice Tria or any other person who in the future is
21 a named party plaintiff in this action unless she/he qualifies under No. 9 above. 8. ~~Upon the failure of~~
22 ~~the lodging or filing party to mark or label a document or information in compliance with Central~~
23 ~~District of California Local Rule 79, any party may apply to the Court within thirty (30) days after~~
24 ~~service of the document that is lodged or filed to have it removed from the Court's files until it is~~
25 ~~properly marked and labeled.~~
26   9.   Except by written consent of the producing party, each person (other than the parties, their
27 attorneys of record herein, in-house attorneys, their respective legal assistants and staff, the Court,
28 court staff, court reporters, deposition stenographers and deposition videographers, the jury, and

{00047479.DOC - v1}                -3-    STIPULATED [PROPOSED] PROTECTIVE ORDER

non-party witnesses during deposition or trial), including, but not limited to, third party expert witnesses or consultants, to whom documents or other information designated as "Confidential" or "Highly Confidential" may be disclosed under this Order, shall, prior to the time he or she receives such information in any form whatsoever, be provided with a copy of this Order and certify in writing that he or she has carefully read the Order and fully understands its terms and will be bound by its terms. A copy of the certificate to be executed by each such person is attached hereto as Exhibit A. Counsel making disclosure to any such person shall retain the original executed copy of the certificate.

10. Upon final termination of this action, including all appeals and retrials of the action, all Discovery Material designated as "Confidential" or "Highly Confidential" under the provisions of this Order (including any copies, summaries, or excerpts thereof which do not constitute privileged attorney work product of the non-producing party or any documents filed with the Court) shall either be promptly returned to the producing party or destroyed.

11. Any party may challenge another party's designation of Discovery Material as "Confidential" or "Highly Confidential" by giving written notice to the producing party within 60 days of receipt objecting to the designation of the information with a statement containing the reasons therefor. In the event that the parties are unable to resolve any dispute as to the designation of material, the party disputing the designation shall have the right to apply to the Court for an order determining the propriety of the designation of such Discovery Material. Any disputed "Confidential" or "Highly Confidential" material shall remain subject to and protected by this Order until the Court has ruled on the motion or the motion is otherwise resolved.

12. This Order may be modified by written stipulation between the parties and approval by the Court, or by application to the Court by noticed motion or ex parte application, if appropriate.

13. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining from the Court such additional protection as may be appropriate.

14. Inadvertent failures to designate any "Confidential" or "Highly Confidential" Discovery Materials shall not automatically constitute a waiver of any otherwise valid claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure. Upon written demand of the Producing Party and the providing of Discovery Materials with

the designation that the Producing Party claims to be appropriate, all originals and copies of Discovery Materials inadvertently lacking designations shall thereafter be promptly returned to the Producing Party.

15. The terms of this Order survive the termination of the action.

## STIPULATION

16. The Parties to this action, by and through their respective counsel, hereby stipulate to the Stipulated Protective Order set forth above.

Stipulated To:

_____
Craig Nicholas
Alex M. Tomasevic
Nicholas & Butler, LLP
225 Broadway, 19th Floor
San Diego, CA 92101

Derrick F. Coleman
Coleman Frost LLP
429 Santa Monica Blvd., #700
Santa Monica, CA 90401
Telephone: (310) 576-7312
Facsimile: (310) 899-1016

Attorneys for Plaintiff Janice Tria

Stipulated To:

_____
Gerald Hawxhurst *with permission of counsel*
Rabeh M.A. Soofi
CRONE HAWXHURST LLP
10880 Wilshire Blvd., #1150
Los Angeles, CA 90024
Telephone: (310) 893-5150
Facsimile: (310) 893-5195

Attorneys for Defendant Innovation Ventures, LLC

{00047479.DOC - v1}        -5-   STIPULATED [PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE TRIA, an individual, on behalf of herself and all others similarly situated, and DOES 1 through 100, inclusive,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC, a Michigan Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV11-07135-GW-PJWx<br><br>Judge: Hon. George Wu<br><br>Courtroom: 10<br><br>STIPULATED [PROPOSED] PROTECTIVE ORDER<br><br>Filing Date: July 12, 2011<br>Trial Date: Not Set |

1. I have received a copy of the Stipulated Protective Order (the "Order") entered by the United States District Court, Central District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Order.

2. I agree to be bound by all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated as "Confidential" that I receive in this action.

3. I understand that a violation of the Order is punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

Name (print): _____

Address: _____

_____

Signature: _____

Date: _____

{00047479.DOC - v1}

-1-